UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| RICHARD LYNN NORTON, # 125990 | ) | |
| | ) | |
| v. | ) | NO. 2:08-CV-84 |
| | ) | |
| SHANNON GREGG | ) | |

**MEMORANDUM and ORDER**

Proceeding *pro se*, Richard Lynn Norton, a litigious state prisoner, has submitted a lawsuit, using a form petition for a writ of habeas corpus under 28 U.S.C. § 2254. He has also filed an application to proceed *in forma pauperis*. In his submission, Mr. Norton asserts that his right to due process was violated in connection with a Disciplinary Board hearing held at the Northeast Correctional Complex on August 21, 2007, which resulted in the imposition of a fine, three-days [in punitive segregation?], and other restrictions. Because Mr. Norton does not indicate that he forfeited any accrued good time as a result of the Disciplinary Board's guilty finding, he is ineligible for habeas corpus relief. *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). Claims such as Mr. Norton has raised in his "petition" may be offered in federal court, but only in a civil rights complaint, brought under the aegis of 42 U.S.C. § 1983.

This is important because, pursuant to 28 U.S.C. § 1915(g), a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if he has, on three or more prior occasions, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon

which relief may be granted. The sole exception is if the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. §1915(g).

While incarcerated, Mr. Norton has had at least three prior civil rights actions in the federal courts dismissed as frivolous or for failure to state a claim for relief, as detailed in *Norton v. Tucker*, Civil Action No. 1:2000-CV-1171 (W.D. Tenn. Jun. 26, 2000) (Order dismissing case as frivolous, noting that case fell within the "3-strikes" rule, and imposing restrictions on future filings), and also in *Norton v. Scott*, Civil Action No. 2:02-CV-361 (E.D. Tenn. Jan. 28, 2003) (Order listing Mr. Norton's litigation history and dismissing case under § 1915(g)).

The Court has reviewed the complaint and Mr. Norton does not allege that he is in "imminent danger of serious physical injury." Thus, in order to file this action, he must prepay the entire $350.00 filing fee. Leave to proceed *in forma pauperis* is **DENIED**. The complaint shall be filed solely for the purpose of making a record and for statistical purposes and is hereby **DISMISSED** pursuant to the three-dismissal rule of 28 U.S.C. §1915(g), without prejudice to Mr. Norton's filing of a fee-paid § 1983 complaint.

**ENTER**:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE